FILED
2013 Nov-25  PM 01:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA JASPER DIVISION

| | | |
|---|---|---|
| LAWRENCE DAVID SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 6:11-CV-2320-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

Plaintiff, Lawrence David Savage, brings this action pursuant to the provisions of 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for disability insurance benefits.  Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 42 U.S.C. § 405(g).  Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

## I.  STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is

reasonable and supported by substantial evidence." *Id.* (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*  This court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.  *Id.*  Even if the court finds that the evidence preponderates against the Commissioner's decision, the court must affirm if the decision is supported by substantial evidence.  *Id.*

Unlike the deferential review standard applied to the Commissioner's factual findings, the Commissioner's conclusions of law are not presumed to be valid.  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  Therefore, the Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).  This includes the Commissioner's application of the proper legal standards in evaluating Plaintiff's claim.  *Martin*, 894 F.2d at 1529.

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which

are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

Social Security regulations outline a five-step process that is used to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). The Commissioner must determine in sequence:

(1)     whether the claimant is currently engaged in substantial gainful activity;

(2)     whether the claimant has a severe impairment or combination of impairments;

(3)     whether the claimant's impairment meets or equals the severity of an impairment in the Listing of Impairments;[1]

(4)     whether the claimant can perform any of his or her past work; and

(5)     whether there are significant numbers of jobs in the national economy that the claimant can perform.

*Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1178 (11th Cir. 2011). The evaluation process continues until the Commissioner can determine whether the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant who is doing substantial gainful activity will be found not disabled at step one.   20 C.F.R. §§ 404.1520 (a)(i), 416.920(a)(4)(i).   A claimant who does not have a severe impairment will be found not disabled at step two. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A claimant with an

---

[1]     The Listing of Impairments, ("Listings") found at 20 C.F.R. Part 404, Subpart P, Appendix 1, are used to make determinations of disability based upon the presence of impairments that are considered severe enough to prevent a person from doing any gainful activity.  20 C.F.R. § 404.1525.

impairment that meets or equals one in the Listing of Impairments will be found disabled at step three.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

Prior to considering steps four and five, the Commissioner must assess the claimant's residual functional capacity ("RFC"), which will be used to determine the claimant's ability to work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  A claimant who can perform past relevant work will be found not disabled at step four.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At step five the burden shifts to the Commissioner to show other work the claimant can do.  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  To satisfy this burden the Commissioner must produce evidence of work in the national economy that the claimant can do based on the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1512(f), 416.912(f).  A claimant who can do other work will be found not disabled at step five.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920 (a)(4)(v).  A claimant who cannot do other work will be found disabled.  *Id.*

In the present case, the Administrative Law Judge ("ALJ") determined Plaintiff was not engaged in substantial gainful activity, and found he had the severe impairments of chronic chest pain and mild arthritis in the knees.  R. 17.  The ALJ concluded Plaintiff did not suffer from a listed impairment.  R. 17.  He found Plaintiff had the RFC to perform light work, except that he could never climb ladders, ropes, or scaffolds.  R. 17.  He was also to avoid hazards such as machinery, unprotected heights, extreme cold, extreme heat, wetness,

4

and humidity.  R. 17.  The ALJ found that given this RFC, Plaintiff was unable to perform his past relevant work as a forklift operator.  R. 19.

When a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical-Vocational Guidelines (the "grids") to establish the presence of other jobs at step five.[2]  *Foote*, 67 F.3d at 1558-59.  The presence of a non-exertional impairment (such as pain, fatigue, or mental illness) also prevents exclusive reliance on the grids.  *Id.* at 1559.  In such cases "the [Commissioner] must seek expert vocational testimony."  *Id.*  Based on Plaintiff's RFC and on vocational expert ("VE") testimony, the ALJ found that Plaintiff could perform other work in the national economy.  R. 20, 82-84.  Therefore, the ALJ found Plaintiff was not disabled at step five of the sequential evaluation framework.  R. 20.

## III.  FACTUAL BACKGROUND

Plaintiff filed a Title II application for a period of disability and disability insurance benefits on June 9, 2008.  R. 16.  He alleges he became disabled on September 26, 2008.  R. 16.  Plaintiff was 51 years old at the time of the ALJ's decision.  He has a limited education,

---

[2]   The Medical-Vocational Guidelines, (the "grids") found at 20 C.F.R. Part 404, Subpart P, Appendix 2, are used to make determinations of disability based upon vocational factors and the claimant's residual functional capacity when the claimant is unable to perform his vocationally relevant past work.  20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(a).  Such determinations, however, are only conclusive when all of the criteria of a particular rule are met.  20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(a).

and past relevant work as a forklift operator. R. 19-20. He alleges he is disabled due to chronic hip and back pain. Pl.'s Br. 5.

Medical records relevant to Plaintiff's disability claim show he saw Dr. Sehgal on a regular basis from October 2008 through April 2010 for treatment of diabetes. R. 325-37. These treatment notes show he complained of various other medical problems during that time. On October 18, 2008, Plaintiff complained of pain in his right leg and arm that "comes and goes." R. 337. The treatment note indicates Plaintiff had pain in his back and legs. R. 337. On November 22, 2008, Plaintiff was seen in a follow-up appointment related to his diabetes. R. 337. The treatment note indicates Plaintiff had chronic back pain. R. 336. On January 10, 2009, Plaintiff was again seen in a follow-up appointment related to his diabetes, and back pain was again noted. R. 335. Dr. Sehgal's February 9, 2009, treatment note shows Plaintiff was seen in a follow-up, but it does not mention back pain. R. 334. On March 10, 2009, Plaintiff was seen in a follow-up, and chronic low back pain was noted. R. 333.

On April 9, 2009, Plaintiff complained about problems with his feet. R. 232. The next treatment note, dated September 25, 2009, indicates he had been referred to another doctor for a cyst on his left foot. R. 331.[3] Dr. Sehgal's September 25 treatment note includes "follow-up of left hip pain" with medication refills as a reason for Plaintiff's visit. R. 331. On October 23, 2009, November 20, 2009, and December 21, 2009, Plaintiff was seen in follow-ups for his diabetes and left hip pain. R. 328-30.

_____

[3] There are no notes from this referral visit in the record.

When Plaintiff was seen on February 26, 2010, for another follow-up for his diabetes and left hip pain, he also complained of problems with his left shoulder. R. 327. On March 16, 2010, the treatment note states Plaintiff was seen for another follow-up for his diabetes, left hip pain, and left shoulder pain. R. 326. The final treatment note from Dr. Sehgal was from April 15, 2010, when Plaintiff was seen for a follow-up for his diabetes and left hip pain. R. 325.

These treatment notes from Dr. Sehgal show Plaintiff was prescribed Lorcet Plus during this time. The notes contain little in the way of legible descriptions of any physical examination findings. Dr. Sehgal's treatment notes contain no x-rays or MRI scans of Plaintiff's back or hips.

Plaintiff was referred to Dr. Bagley by the Social Security Administration for a consultative physical examination on August 23, 2008. R. 296-300. Plaintiff reported to Dr. Bagley that he could walk approximately half a block without shortness of breath, and that he had a ten to twenty year history of back pan. R. 296. He reported his pain was an eight out of ten on his worst days, and a four to five out of ten on his best days. R. 297. Plaintiff reported pain medication eased the pain, and that walking, bending, and lifting aggravated it. R. 297. Dr. Bagley noted Plaintiff was observed walking without a limp or ataxia. R. 298. On physical examination, straight leg raise testing was negative, as was fabere sign testing.[4] R. 299. A facet loading examination was positive bilaterally. R. 299. Range of

---

[4] The straight leg raise test is also known as Lasègue's sign. "In sciatica, flexion of the hip is painful when the knee is extended, but painless when the knee is flexed.

motion testing was essentially normal.  R. 298-99.  For hip flexion and knee extension, Plaintiff's muscle strength was 5/5.  R. 299.  Dr. Bagley's  diagnostic impression noted that "facet loading on exam suggests a component of facet arthropathy."  R. 299.  He also found Plaintiff's weakness on the right since birth and increased reflexes suggested a history of hemiplegic cerebral palsy.  R. 299.  Dr. Bagley noted a history of heart disease, but found no murmur or extra heart sounds on examination.  R. 299.

## IV.  DISCUSSION

Plaintiff argues that the Commissioner's decision should be reversed and remanded for three reasons.  First, he argues that the ALJ erred in discrediting his subjective complaints of pain.  Relatedly, he contends that the ALJ erred in failing to take into consideration the fact that he testified that he was unable to afford x-rays of his hip.  Also related is his final argument: that the ALJ's finding that he is capable of performing light work is contrary to his subjective complaints of pain.

### A.    Plaintiff's Subjective Complaints of Pain

Plaintiff argues on appeal that the ALJ did not properly evaluate the credibility of his complaints of pain.  Pl.'s Br. 6.  Plaintiff testified that hip and back pain were the problems that prevented him from working.  R. 59.  He testified that he had pain everyday that required pain medication, and that his pain was a nine out of ten on a ten-point scale.  R. 64-65.

_____

This distinguishes the disorder from disease of the hip joint."  *Dorland's Illustrated Medical Dictionary* 1524 (28th Edition).  A positive Patrick's test, also known as fabere sign, indicates arthritis of the hip.  *Id. at* 1681.

In this circuit a "pain standard" is applied "when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).  The standard requires a claimant to show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Landry v. Heckler*, 782 F. 2d 1551, 1553 (11th Cir. 1986). "[W]hether objective medical impairments could reasonably be expected to produce the pain complained of is a question of fact . . . subject to review in the courts to see if it is supported by substantial evidence." *Id.*

"[A] claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  "If the ALJ decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so." *Id.*  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.  However, the ALJ's credibility determination need not cite "particular phrases or formulations" as long as it enables the court to conclude that the ALJ considered the claimant's medical condition as a whole.  *Id.*

In the present case, Plaintiff does not argue that there is objective medical evidence confirming the severity his alleged back and hip pain, and in fact there is no such evidence

9

in the record.  Therefore, to meet the Eleventh Circuit's pain standard Plaintiff must show that he has an objectively determined medical condition that could reasonably be expected to cause the disabling pain that he alleges.

After discussing the medical evidence, the ALJ made the following findings concerning Plaintiff's allegations of disabling pain:

> I find that the claimant's pain and hypertension have been well controlled with medications.  The claimant has self-reported physical limitations [that] are not at all consistent with the medical evidence.  The claimant simply alleges a far greater degree of debilitation than what objective evidence can support.  Therefore, I find that the claimant is not credible and that his impairments are not disabling.

R. 19.  Although the ALJ did not specifically mention the Eleventh Circuit pain standard, his consideration of plaintiff's pain allegations was in accordance with that standard.  His finding that Plaintiff "alleges a far greater degree of debilitation than what objective evidence can support," coupled with his finding of no severe impairment in Plaintiff's back or hips, is tantamount to finding Plaintiff does not have an objectively determined medical condition that could reasonably be expected to cause the disabling pain that he alleges.  Although the ALJ couched his finding as a credibility determination, it was in essence a finding that Plaintiff did not satisfy the pain standard.  *See Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (holding the pain standard was not met when the ALJ "determined that there were no 'clinical findings indicative of a back impairment of the degree of severity described'"); *Landry v. Heckler*, 782 F.2d 1551, 1554 (11th Cir. 1986) (holding the pain standard was not

met when the ALJ found that claimant's "allegations of disability [we]re not supported by the clinical and diagnostic evidence").

The ALJ found Plaintiff had only two "severe" impairments: chronic chest pain and mild arthritis in the knees.  R. 17.  Neither of these conditions is related to Plaintiff's allegedly disabling hip and back pain.  Indeed, the medical evidence lacks even a diagnosis of hip or back impairment.  Although Dr. Sehgal's notes contain numerous indications of complaints of pain, there are no diagnoses of any objectively determined medical conditions of the back or hip in his treatment notes.  R. 19.  Dr. Bagley's finding on physical examination of facet loading that "suggests a component of facet arthropathy" is not a diagnosis of such a condition.  Therefore, the ALJ's finding that Plaintiff did not meet the Eleventh Circuit's pain standard is reasonable and supported by substantial evidence.

## B.   Alleged Failure to Consider Inability to Afford X-Rays

Plaintiff also argues the ALJ placed "improper and unfounded emphasis on the fact that Plaintiff has not had any x-rays of his hip."  Pl.'s Br. 8.  Plaintiff argues the ALJ should have considered his testimony that he was unable to afford x-rays of the hip.  *Id.*  Plaintiff bases this argument on Social Security Ruling ("SSR") 96-7p, which discusses when a credibility finding is required, explains the factors to be considered in assessing a claimant's credibility, and states the importance of explaining the reasons for the credibility finding.  SSR 96-7p, 1996 WL 374186, *1 (S.S.A.).  The portion of SSR 96-7p quoted by Plaintiff provides that an ALJ must not draw inferences about a claimant's "symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first

considering any explanations that the individual may provide . . . ." *Id.* at *7.  However, SSR 96-7p also emphasizes that if the claimant's medically determinable impairments "could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities." *Id.*  Therefore, SSR 96-7p only applies to an ALJ's consideration of a claimant's subjective symptoms after he has met the pain standard.

At Plaintiff's hearing, the ALJ discussed the absence of x-rays and MRIs of Plaintiff's hip.  However, the ALJ's primary concern was the lack of objective evidence to document the presence of a medical condition that could cause Plaintiff's pain.[5]  *See* R. 78, 89. Moreover, in his decision the ALJ did not discuss the lack of x-rays in his consideration of Plaintiff's subjective complaints and pain testimony.  In other words, the ALJ did not find the ALJ was not credible because of the absence of x-rays.  Therefore, the rule on which Plaintiff relies, SSR 96-7p, is not applicable in the present case.  Even if it was, Plaintiff's testimony that he could not afford x-rays is not credible, as Plaintiff continued to see his treating physician on a fairly frequent basis for several years after he stopped working, and he was able to obtain refills of eleven medications, including Viagra.  R. 325-337.

In sum, the decision of the ALJ is not due to be reversed on the ground that he should have taken into consideration Plaintiff's inability to afford x-rays of his hip.

---

[5]  There was discussion between Plaintiff's attorney and the ALJ about obtaining an explanation from Dr. Sehgal concerning Plaintiff's problems, and also the possibility of obtaining x-rays.  R. 79, 85, 88, 89.  The ALJ left the record open for 30 days for submission of additional medical records.  R. 89.

### C.     RFC Finding that Plaintiff is Capable of Light Work

Plaintiff's final argument is that the ALJ's finding that he is capable of light work is contrary to the medical evidence as a whole.  Pl.'s Br. 9. His argument is presumably based on his subjective testimony of pain, which the ALJ properly considered and rejected, as discussed, *supra*.   Plaintiff does not explain why the medical evidence does not support the ALJ's finding.  Nor has he pointed to any medical evidence in the record, other than his subjective allegations, that would prevent him from performing light work or that would support a different RFC.

There is substantial evidence in the record to support the ALJ's RFC finding.  The treatment notes of Dr. Sehgal do not indicate that Plaintiff has physical restrictions that would prevent light work.  In addition, Dr. Bagley's consultative examination found Plaintiff had good range of motion and motor strength, and he did not indicate any restrictions on Plaintiff's ability to perform work related activities.  R. 298-99.  No examining physician assessed functional limitations that are inconsistent with the ALJ's RFC determination.

The regulations provide that it is the claimant's responsibility to provide evidence showing the presence of an impairment and how it affects his functioning:

> You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled.  You must provide evidence . . . showing how your impairment(s) affects your functioning during the time you say that you are disabled . . . .

20 C.F.R. §§ 1512(c), 416.912(c).  In *Ellison v. Barnhart*, the court emphasized that "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible

13

for producing evidence in support of his claim." 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a), (c)).  Plaintiff has not produced evidence showing he is unable to perform light work, and the ALJ's RFC finding is reasonable based upon the evidence of record.

## V.  CONCLUSION

The court concludes the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence, and that the ALJ applied the proper legal standards in arriving at this decision.   Accordingly, the Commissioner's final decision is due to be affirmed. An appropriate order will be entered contemporaneously herewith.

Done this 25th day of November 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]